(Court of Criminal Appeals of Texas. Oct. 14, 1925. State's Rehearing Granted Nov. 11, 1925.)

**1. Criminal law ⬪1086(3)—Record on appeal must show taking of oath by special judge as shown by minutes.**

Where prosecution for crime is tried before a special judge, record on appeal from conviction must disclose that such judge, before entering on his duties, took the constitutional oath of office, and that such fact was entered on the minutes; in the absence of which showing the judgment will be reversed.

### On State's Motion for Rehearing.

**2. Criminal law ⬪1144(18)—In absence of evidence, order overruling motion for new trial presumed not abuse of discretion.**

In the absence from the record on appeal of evidence on which trial court overruled motion of accused for new trial on ground that he was misled in entering plea of guilty, it will be presumed that trial judge did not abuse his discretion.

Appeal from District Court, Medina County; L. J. Brucks, Special Judge.

Fortino Salazar was convicted of assault to murder, and he appeals. Affirmed.

T. B. Monroe, of San Antonio, for appellant.
Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is assault to murder; punishment fixed at confinement in the penitentiary for a period of seven years.

[1] From the transcript before us, it appears that the trial took place before a special judge. The statute requires that, before a special judge shall enter upon his duties, he shall take the oath of office required by the

Constitution, and his selection and the fact that the oath of office has been administered to him shall be entered upon the minutes of the court as a part of the record in the cause. Upon this subject the present record is silent. That it is essential that the oath of office be taken and that the record reveal it has often been declared by this court. See Smith v. State, 24 Tex. App. 290, 6 S. W. 40; Reed v. State, 55 Tex. Cr. R. 138, 114 S. W. 834; Dawes v. State, 87 Tex. Cr. R. 452, 222 S. W. 560.

As the matter is presented, we have no choice but to order a reversal of the judgment, which is accordingly done.

### On State's Motion for Rehearing.

Accompanying the state's motion for rehearing is a certified copy correcting the record. There is an absence of a statement of facts. None of the rulings of the trial court are brought up for review by bills of exception. The indictment appears regular.

[2] In the motion for new trial appellant claims that he was misled in entering a plea of guilty. This is controverted. The court, on hearing the evidence, overruled the motion. The evidence which was before the court is not brought to this court for review. In its absence, the presumption must be indulged that in overruling the motion the learned trial judge did not abuse his discretion.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment is affirmed.

## CHILES v. STATE. (No. 9416.)

(Court of Criminal Appeals of Texas. Nov. 4, 1925.)

**1. Criminal law ⬪371(2)—Proof that accused was being held for murder when he escaped from jail and stole automobile not error.**

In prosecution for theft of an automobile, which accused and others had taken on escaping from jail, where accused contended that he had no intention of appropriating it to his own use at time of theft, admission of evidence that he was being held for murder at time of escape *held* not error, as it was relevant on question of intent.

**2. Criminal law ⬪686(2)—Reopening of case after state had rested, not abuse of discretion.**

In prosecution for theft of automobile, where state proved accused had testified in another case that he and others had stolen car, and no objection was interposed until after the state had rested its case, whereupon the evidence was withdrawn, permitting state to reopen case and to introduce further testimony *held* not an abuse of discretion allowed under Code Cr. Proc. 1925, art. 643.

---

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Lamar County; R. L. Lattimore, Special Judge.

Odell Chiles was convicted for theft of an automobile, and he appeals. Affirmed.

Aaron Sturgeon and H. B. Birmingham, both of Paris, for appellant.

Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is for the theft of an automobile. Punishment is three years in the penitentiary.

The evidence shows that appellant, with eight other parties, were confined in the jail of Lamar county. They effected an escape. Appellant, with four others, then took an automobile from the street and drove it into the state of Arkansas, where they attempted to sell it. Learning that suspicion had been aroused in the mind of the party with whom they were negotiating, they drove the car some distance farther and abandoned it. A few days later appellant and others who escaped with him were captured and the automobile recovered.

[1] Over objection the court permitted proof that appellant was being held in jail on a charge of murder, and that the other prisoners who escaped with him were charged with various offenses ranging from murder to violations of the liquor law. The bill complaining of this matter bears explanation of the learned trial judge that he admitted such evidence in support of the state's theory that appellant had no intention of returning the car to the owner, it being appellant's contention that at the time the car was taken he entertained no fraudulent intent to steal it, and that, if a fraudulent intent to appropriate it to his own use was afterwards formed, it would not constitute theft. These questions were submitted to the jury for solution. To aid them in this respect we think no error was committed in receiving the evidence complained of. See Welk v. State, 99 Tex. Cr. R. 235, 265 S. W. 914, and cases cited therein; also see authorities collated under section 166, Branch's Ann. Tex. Penal Code.

[2] Complaint is made because the court permitted the state to reopen the case and introduce other testimony. The state proved that appellant had testified in the trial of another case that he and others "had all stolen the car together." No objection was interposed to this testimony at the time it was introduced. The state then rested its case. After this was done, appellant urged objection to the evidence just referred to, and requested its withdrawal. The court complied with this request, whereupon the state was granted permission to reopen its case, and placed upon the witness stand an accomplice, who testified in detail to the escape from jail, the taking of the car, and the effort to sell it. Article 643, C. C. P. 1925 (formerly article 718), provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice."

At the time the court permitted the state to reopen the case in the present instance argument had not commenced. In matters of this kind the trial judge must exercise his sound discretion. We observe nothing in the present record showing any abuse thereof. Many cases are cited in the notes under article 718, Vernon's C. C. P.

We think there is no merit in the contention that the evidence fails to support the verdict and judgment.

Finding no error in the record, the judgment is affirmed.